IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-00354-WDM-BNB

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

KELSEY L. GARMAN,
KOINONIA INCOME ACCOUNT,
KOINONIA INVESTMENT CLUB II,
KOINONIA 100/200 CLUB, and
KOINONIA KINGDOM CLUB,

Defendants.

_____

**ORDER**

_____

This matter is before me on the **Receiver's Report Concerning Allowance and Disallowance of Claims** (the "Receiver's Report"), filed May 18, 2005, and the **Request for Review of Joyce Garman** (the "Garman Objection"), filed May 24, 2005.

By Order dated February 17, 2005, I established a claim review process, which provides in part:

> The Receiver shall have 30 days from the Claim Bar Date
> [April 18, 2005] within which the allow or disallow claims.  Not
> later that 30 days after the Claim Bar Date, the Receiver shall file
> with the Court a complete list of allowed and disallowed claims;
> shall advise the persons or entities which filed claims (the
> "Claimants") of the disposition of their claims; and, in the case of
> disallowed claims, shall advise the Claimant of all reasons for the
> disallowance;
>
> A Claimant whose claim has been disallowed may challenge the
> Receiver's disallowance by filing a written request for review with
> the Court within 20 days after service on the Claimant of the

notice of disallowance.  The Claimant shall file the original and two copies of the request for review with the Clerk of the Untied States District Court, and shall serve copies of the request for review on counsel for the Receiver, Garman, and the SEC, respectively.  Failure by the Claimant to file and serve a request for review within 20 days after service of the notice of disallowance shall bar further review of the Receiver's determination and, to the extent of the disallowance, the Claimant shall not be entitled to share in the assets of the Receivership Estate; and

Any requests for review of claims disallowed by the Receiver initially will be considered by the magistrate judge designated by the Court, who will make a recommendation to the district judge. The recommendation of the magistrate judge concerning the requests for review shall be subject to objection and review by the district judge pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), which provides that the parties have 10 days after service of a recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b). Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to a recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Order, dated February 17, 2005, at ¶¶4-6.

On May 18, 2005, the Receiver filed the Receiver's Report.  The Receiver's Report states that 369 claims were filed pursuant to the claim review process set out in the February 17 Order. The Receiver allowed 297 claims in specified amounts.  Receiver's Report, at pp.2-10.  The Receiver disallowed 72 claims.  Id. at pp.10-16.

Only one Claimant--Joyce Garman--has filed a request for review.  Neither the Receiver's Report nor the Garman Objection contains a detailed analysis, citations to authority,

or complete argument of the party's position with respect to the disallowance of Joyce Garman's claim.

In addition, as to one set of Claimants the Receiver identified "technical deficiencies" and stated:

> Some investors submitted claims that are technically deficient for reasons that include accounting discrepancies, the investor has not signed the claim form, has fully completed the claim form, has not included the amount of the claim or has claimed a negative amount.  As of this date, the Receiver has not been able to contact each of these investors to resolve the deficiencies so the Receiver must object to the claims with deficiencies and advise each claimant of the specific deficiencies.  If a claim is deficient for a reason other than for lack of a signature, the Receiver also is objecting for the substantive reasons set forth above. . . .

Receiver's Report, at pp.12-13.

After reviewing the Receiver's Report and the case file, I have determined that it is appropriate to conduct a status conference to review the state of the claims and what proceedings remain to be done prior to my recommendation to the district judge.  In particular, the Receiver and Joyce Garman shall be prepared at the status conference to discuss a briefing schedule in connection with the Garman Objection and also to discuss whether there are factual issues in connection with the Garman Objection which should be the subject of an evidentiary hearing. The Receiver also should be prepared to discuss the status of the Claimants subject to technical deficiencies.  The parties also should be prepared to discuss the nature of my recommendation to the district judge.

Accordingly,

IT IS ORDERED that this case is set for a status conference on **September 7, 2005, at 4:00 p.m.**, in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.  Counsel for the parties and for Joyce Garman shall attend the status conference in person.

Dated August 9, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge