IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-00354-WDM-BNB

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

KELSEY L. GARMAN,
KOINONIA INCOME ACCOUNT,
KOINONIA INVESTMENT CLUB II,
KOINONIA 100/200 CLUB, and
KOINONIA KINGDOM CLUB,

Defendants.
_____

**ORDER**
_____

This matter arises following a status conference held on September 7, 2005.

By Order dated February 17, 2005, I established a claim review process, which provides in part:

> The Receiver shall have 30 days from the Claim Bar Date [April 18, 2005] within which the allow or disallow claims. Not later that 30 days after the Claim Bar Date, the Receiver shall file with the Court a complete list of allowed and disallowed claims; shall advise the persons or entities which filed claims (the "Claimants") of the disposition of their claims; and, in the case of disallowed claims, shall advise the Claimant of all reasons for the disallowance;
>
> A Claimant whose claim has been disallowed may challenge the Receiver's disallowance by filing a written request for review with the Court within 20 days after service on the Claimant of the notice of disallowance. The Claimant shall file the original and two copies of the request for review with the Clerk of the Untied States District Court, and shall serve copies of the request for review on counsel for the Receiver, Garman, and the SEC,

>respectively.  Failure by the Claimant to file and serve a request for review within 20 days after service of the notice of disallowance shall bar further review of the Receiver's determination and, to the extent of the disallowance, the Claimant shall not be entitled to share in the assets of the Receivership Estate; and
>
>Any requests for review of claims disallowed by the Receiver initially will be considered by the magistrate judge designated by the Court, who will make a recommendation to the district judge.  The recommendation of the magistrate judge concerning the requests for review shall be subject to objection and review by the district judge pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), which provides that the parties have 10 days after service of a recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b).  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to a recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Order, dated February 17, 2005, at ¶¶4-6.

On May 18, 2005, the Receiver filed the Receiver's Report.  The Receiver's Report states that 369 claims were filed pursuant to the claim review process set out in the February 17 Order.  The Receiver allowed 297 claims in specified amounts.  Receiver's Report, at pp.2-10.  The Receiver disallowed 72 claims.  Id. at pp.10-16.  Twenty-eight of the 72 disallowed claims were disallowed due to technical deficiencies.  The Receiver now proposes that the 28 claims with technical deficiencies should be allowed in amounts proposed by the Receiver.  Receiver's Status Report In Preparation for Conference on September 7, 2005 (the "Status Report"), filed September 1, 2005, at p.4.

One Claim, by Joyce Garman, was denied by the Receiver, and Ms. Garman sought review under the procedures previously established.  Subsequently, the Receiver and Ms. Garman have engaged in discussions and have successfully resolved her disputed claim, subject to final documentation.

The Receiver's estate totals $9,008,556.  The allowed claims , plus the 28 claims with technical deficiencies (which the Receiver proposes be paid), plus the disputed claim of Ms. Garman (in a negotiated amount to which the parties now agree) total $10,388,514.75.  The Receiver proposes to reduce these claims by a proportionate amount so that the total amount allowed does not exceed the estate.  He proposes further to seek court approval of his report allowing and disallowing claims.  Finally, he proposes to seek approval of an interim distribution of the bulk of the estate; to reserve $1,000,000 for further expenses and contingencies; and to seek a final distribution at a later time.

IT IS ORDERED that the Receiver shall file, on or before **September 30, 2005**, a motion for approval of his Report Concerning Allowance and Disallowance of Claims  The motion shall specify the following information:

(1)     The name of each claimant whose claim the Receiver has allowed; the amount allowed; the amount proposed to be paid on the claim after the proportionate reduction; and the amount to be paid in the proposed interim distribution; and

(2)     The name of each claimant whose claim the Receiver has disallowed and the reason(s) the claim was disallowed.

IT IS FURTHER ORDERED that upon the filing of the motion for approval, I shall review it and make a recommendation to the district judge concerning the report and the

proposed interim distribution.  Thereafter, all interested parties shall have 10 days after service of the recommendation to serve and file specific, written objections to it.   A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated September 7, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge