IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-00354-PAB-BNB

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

KELSEY L. GARMAN,
KOINONIA INCOME ACCOUNT,
KOINONIA INVESTMENT CLUB II,
KOINONIA 100/200 CLUB, and
KOINONIA KINGDOM CLUB,

Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the Receiver's **Unopposed Motion for Order Closing Estate and Discharging Receiver With Certificate of Compliance** [Doc. # 207, filed 6/13/2008] (the "Motion for Discharge"). I respectfully RECOMMEND that the Motion for Discharge be GRANTED.

This action was commenced by a complaint filed by the Securities and Exchange Commission on February 27, 2004. The complaint alleges that:

(1) Defendant Kelsey L. Garman ("Garman") controlled and directed the activities of four investment funds--Koinonia Investment Club II; Koinonia Income Account; Koinonia 100/200 and Koinonia Kingdom Club--that pooled the money of unsophisticated investors;

(2) Garman falsely represented that he had experienced spectacular success trading securities on behalf of the Koinonia funds; and

(3) Contrary to Garman's representations, the Koinonia funds had sustained substantial losses.

At the request of the SEC and by the Order of Preliminary Injunction and Other Relief [Doc. # 6, filed 3/2/2004] (the "Order Appointing Receiver") the district judge appointed John Paul Anderson as a receiver to take control of all of the assets held in the Koinonia funds, Order Appointing Receiver at Part VIII, in order to "prevent the dissipation" of the property. Motion for Entry of Order of Preliminary Injunction and Appointment of Receiver [Doc. # 2, filed 2/27/2004] (the "Motion for Appointment of Receiver"). The Receiver took control of the assets and investigated the financial condition of the various Koinonia funds. On December 6, 2004, I ordered the assets of the Koinonia funds substantively consolidated. Order [Doc. # 70] at p.2.

On February 18, 2005, I found that the Receiver was prepared to receive and process claims from investors, and I entered an order establishing procedures for such claims. The procedures required the Receiver to send a claim form and related materials to all known and reasonably ascertainable holders of claims; required the claimants to complete a claim form and submit it to the Receiver; required the Receiver to allow or disallow the claims within 30 days; and required the claimants to challenge within 20 days of receiving notice of the disallowance any decision by the Receiver disallowing a claim. Finally, the procedures provided:

> Failure by the Claimant to file and serve a request for review within 20 days after service of the notice of disallowance shall bar further review of the Receiver's determination and, to the extent of the disallowance, the Claimant shall not be entitled to share in the assets of the Receivership Estate. . . .
>
> Any requests for review of claims disallowed by the Receiver initially will be considered by the magistrate judge designated by the Court, who will made a recommendation to the district judge. The recommendation of the magistrate judge concerning the

> requests for review shall be subject to objection and review by the
> district judge pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R.
> Civ. P. 72(b). . . .

Order [Doc. # 86, filed 2/18/2005] at ¶¶5-6.

On September 30, 2005, the Receiver filed his Motion to Approve Report Concerning Allowance and Disallowance of Claims and to Authorize Interim Distribution [Doc. # 117] (the "Motion to Allow Claims"). I recommended that the Motion to Allow Claims be approved, Recommendation [Doc. # 135, filed 1/31/2006]; no objection to my recommendation was made; and the district judge accepted the recommendation. Order [Doc. # 141, filed 4/13/2006]. As a result, 353 claims against the Receivership Estate were accepted; 18 claims were disallowed; and an interim distribution of $8,516,636 was approved. Id. at p.2. A final distribution of $690,462.89 was approved by and Order entered on October 23, 2007. [Doc. # 202.] Only one check to a claimant was not presented for payment, in the amount of $9.97, and those funds have been turned over to the Securities and Exchange Commission as unclaimed funds. Motion for Discharge [Doc. # 207] at ¶4.

The Receiver reports that he has discharged all of his duties. All expenses of the Receiver have been paid; federal and state tax returns have been filed and all taxes paid; all payments to claimants have been completed or the unclaimed funds have been turned over to the Securities and Exchange Commission; and all bank accounts have been closed and no assets remain in those accounts.

The discharge of a receiver is a matter within the discretion of the district court. United States v. Amodeo, 44 F.3d 141, 146 (2d Cir. 1995); accord Skirvin v. Mesta, 141 F.2d 668, 673 (10th Cir. 1944)(stating that "[t]he power to . . . terminate a receivership no longer needed is a

necessary incident to the power to appoint in the first instance"). A court should not continue a receiver if the receiver's services are no longer needed. Skirvin 141 F.2d at 673 (noting that where the necessity for a receiver has ceased to exist, the receivership should be discharged).

In this case, the Receiver has taken control of the assets of the Koinonia funds; has paid all of his fees and expenses; has paid all taxes due; has distributed the remaining assets to the investors pursuant to orders of the court; and has accounted for all matters under his control. He has faithfully and diligently performed his duties under the Order Appointing Receiver, and his services are no longer needed.

I respectfully RECOMMEND that the Motion for Discharge be GRANTED, the Receivership Estate be closed, and the Receiver be discharged.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated February 25, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge